```
            UNITED STATES DISTRICT COURT
         SOUTHERN DISTRICT OF WEST VIRGINIA

                       CHARLESTON
```

ARTHUR BALLINGER IV,

    Plaintiff,

v.                                    Case No. 2:08-cv-01024

CO II GARRETT ADAMS,
CO II JOHN YOUNG,
CPL. NATE KENDRICK, and
SGT. DON SLACK,

    Defendants.

## PROPOSED FINDINGS AND RECOMMENDATION

On August 25, 2008, Plaintiff, an inmate at Mount Olive Correctional Complex ("MOCC"), filed a complaint, alleging that the four named defendants, correctional officers at MOCC, violated his constitutional right to be free of cruel and unusual punishment by using excessive force on him. The defendants have filed a motion to dismiss (docket # 13), asserting that as state officials acting in their official capacity, they are not "persons" within the meaning of 42 U.S.C. § 1983, and that Plaintiff's injuries were *de minimis*. Plaintiff filed a response (# 15); Defendants filed a reply (# 16); Plaintiff filed an "additional response" (# 17); Defendats moved to strike the "additional response" (# 18, and submitted a reply to it (# 19).

Plaintiff's complaint reads as follows:

I was going to magistrate court, for a disciplinary hearing, and was told to put my shoulder on the wall and shackled by officer John Young. I was told to turn and walk out the "A" door. As I was walking out the "A" door, I was punched by officer Garrett Adams and taken to the floor and was beaten by him and officer John Young and then was taken to the multi-purpose room, where I was beaten again by several officers, then check by Ms. Foster, LPN. She looked at me and was told to leave and I was beaten again on video tape. I was in a chair. Lt. McCloud told me I had another beating from the Capt. and the one I took from him, I would be going to medical on a gurney. He then punched me in my mouth and my teeth were knocked out, then punched in the ribs over and over.

I was not allowed to complain about injuries because after the first beating, they had Ms. Foster check my side and after she left, I was beaten again, sustaining more injuries. I told the Sgt. I had swallowed my teeth but he said they'll come out the other end. And I was beaten again. They will not take a picture of me now, where I have the dark bruises and two front teeth chipped. The write-up says I came off the door when he came to a standing position. The disposition states, while they were being applied. This is a clear contradiction and proves that I was attacked on a calculated plan because of the previous write-up I caught from Ms. Foster. Enclosed is the write-up as evidence. I am not grieving this write-up. I am showing this was a planned assault against me. I was assaulted because of a write-up I had caught two weeks before. I am not grieving the write-up by officer Young as said by the Capt. and warden. I am grieving the assault I took as a <u>result</u> of a previous write-up.

This is just another example of the harassment I am enduring at the hands of correctional officers here at Mt. Olive. I have two previous lawsuits pending in this honorable court, regarding the constant harassment, regarding "religious" and other attacks against me. I did as I was told and was assault by several officers not once but several times in about a half hour. Officer Young then wrote me up for a rule violation, as I was being beaten they were telling me this is for Ms. Foster and Ms. Eggleston, referring to previous write-ups I had caught. My two front teeth are chipped and I have dark bruises on my left side where I took the assault. This harassment happens everyday. * * *

(Complaint, # 2, at 4-7.) Plaintiff seeks an award of "fiscal damages for my two front teeth chipped in the assault." Id. at 5.

The write-up to which he refers reads:

> Arthur Ballinger, 42016, is hereby charged with a violation of Disciplinary Rule No. 2.01, the violation being Refusing an Order, having occurred at 0910 hours on 22 July, 2008. The circumstances of the violations are as follows:
> On Tuesday, 22 July 2008 at approximately 0910 hrs I was working my assigned post at Mount Olive Correctional Complex, Mount Olive, West Virginia, for the correctional hearing officer as the bailiff. CO II Adams and I went into Pod 6 to get inmate Arthur Ballinger #42016 for court hearing that was scheduled for Tuesday. After completing a strip search of inmate Ballinger, I then applied mechanical wrist restraints and gave him loud verbal direction how to exit his cell. After exiting his cell, inmate Ballinger placed his shoulder on the door frame so that mechanical leg restraints could be applied. After applying the restraints, as I was returning to a standing position, inmate Ballinger came off the door frame and turned in an aggressive manner. Due to inmate Ballinger not following verbal direction, inmate Ballinger is in direct violation of Policy Directive 325.00 Rule 2.01 Refusing an Order.

Id. at 10. The hearing report for the write-up states that Plaintiff refused to attend the hearing, he was found guilty, and he was sentenced to 30 days punitive segregation and 30 days loss of all privileges, suspended to probation for six months to end January 28, 2008 [sic; 2009]. Id. at 11.

Plaintiff filed a grievance which reads as follows:

> Yesterday officer Young and another officer I do not know his name came to get me for magistrate court. I told officer Young I had an envelope to put in the mailbox. When I backed out of my cell I put my shoulder on the wall like told, they put the shackles on me and I was told to "come on art" [sic; out?] by officer Young. I had an envelope in my hand. AS I was going out the door

3

>  the officer with Mr. Young tackled me at which time he
> and Mr. Young beat and kicked me repeatedly at which time
> I was taken to the multi-purpose room/medical unit
> station where Ms. Foster and the nurse she was training.
> I was then kicked, punched and beaten repeatedly, then
> forced to apologize to Ms. Foster and was checked out by
> her. They made her leave at which time I was assaulted
> again while being held in a chair. Mr. McCloud grabbed
> me by the chin and said we will break you one way or
> another, then hit me in the mouth, and he said, "oh yeah"
> you have another beating coming from the captain, but the
> one he give you, you are going to medical on a gurney.
> At which time the CO in charge had the camera taping me
> and the other COs were punching me repeatedly in the
> ribs. They brought me back to the unit without further
> medical attention. Like I said, I did not become
> aggressive or threatening. I had an envelope in my hand.
> I was brutalized because of a previous write-up. Assault
> is not a punishment for a write-up. I am being
> brutalized by officers and fear for my life. I was
> written up because of this assault. Please respond. My
> front two teeth were chipped during the assault.

Id., at 12-13. Unit Manager Captain Matheny's response was: "Mr. Ballinger, you were screened by medical and pictures were taken. You claimed no injuries at this time. The write-up cannot be grieved. It must be done through the appeal process." Id. at 12. On appeal, the Warden wrote: "The Captain is correct. Issues pertaining to disciplinary matters are addressed through the disciplinary appeal process in accordance with Policy Directive 325.00, Discipline of Inmate." Id. The Commissioner affirmed and denied the grievance. Id.

### Official vs. Individual Capacities

Defendants' motion to dismiss asserts that the defendants "should be dismissed with prejudice because State Officials acting in their official capacities are not 'persons' under § 1983 and are

4

entitled to immunity pursuant to the Eleventh Amendment of the United States Constitution." (# 13, at 3.) Defendants' memorandum addresses various precedents on Eleventh Amendment immunity, based on the assertion that Plaintiff is suing them in their official capacity. (# 14, at 4-8.)

In Hafer v. Melo, 502 U.S. 21, 23 (1991), the Supreme Court held that state officials sued in their individual capacities are "persons" under section 1983. Thus, a plaintiff may sue a state official for monetary damages in his individual capacity.

Plaintiff's complaint does not specifically indicate whether he is suing the correctional officers in their individual or official capacities. Following the holding in Biggs v. Meadows, 66 F.3d 56, 61 (4th Cir. 1995), the court must "examine the nature of the plaintiff's claims, the relief sought, and the course of proceedings to determine whether a state official is being sued in a personal capacity."

Plaintiff has not asserted that the correctional officers acted in accordance with any government policy or custom; in fact he alleges that they violated rules because "[a]ssault is not a punishment for a write-up." Plaintiff seeks only monetary damages, another indication that he is suing the officers in their individual capacities. Biggs, 66 F.3d at 61. Accordingly, the undersigned proposes that the presiding District Judge **FIND** that Plaintiff has sued the defendants in their individual, and not in

their official capacity.

### *De Minimis* Injury

In a fact-based argument supported by various exhibits, Defendants contend that this case should be dismissed because Plaintiff's alleged injuries were *de minimis*, and because the defendants used only an appropriate amount of force in dealing with Plaintiff. (# 14, at 8-12.) Although Defendants filed affidavits from each of them, photographs and other documents, the court will disregard them at this stage of the case. When considering a motion to dismiss, the court must take the allegations of the complaint as true.

Plaintiff alleges that he suffered two chipped teeth and bruising as a result of the incidents on July 22, 2008. Plaintiff should have the opportunity to engage in some discovery concerning his claim; his responses refer to documents which he has requested but has not received. The undersigned proposes that the presiding District Judge **FIND** that the injuries which Plaintiff claims to have suffered as a result of the incidents on July 22, 2008, are not *de minimis*, and therefore this case should go forward.

### Recommendation

It is respectfully **RECOMMENDED** that Defendants' motion to dismiss (# 13) be denied.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the

Honorable Joseph R. Goodwin, Chief United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and three days (mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de novo</u> review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984). Copies of such objections shall be provided to opposing counsel and Chief Judge Goodwin.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Plaintiff and to transmit it to counsel of record.

<u>December 10, 2009</u>
Date

*Mary E. Stanley*
Mary E. Stanley
United States Magistrate Judge